IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**KIMYUNA JACKSON,**

        **Plaintiff,**

v.                                                         Case 2:19-cv-02316-MSN-cgc

**CITY OF MEMPHIS POLICE DEPARTMENT,** *a Municipal Corporation of Tennessee*, **and**

**OFFICERS INVOLVED,**

        **Defendants.**

## REPORT AND RECOMMENDATION ON *IN FORMA PAUPERIS* SCREENING PURSUANT TO 28 U.S.C. § 1915

On May 16, 2019, Plaintiff Kimyuna Jackson filed a *pro se* Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Section 1983"). (Docket Entry ("D.E.") # 1.) Subsequently, Plaintiff filed an Amended Complaint on July 1, 2019.[1] (D.E. # 5.) On October 21, 2019, Plaintiff filed a motion to proceed *in forma pauperis*, (D.E. # 8), which this Court granted on October 31,

---

[1] Plaintiff filed her original Complaint on May 16, 2019. (D.E. # 1.) Plaintiff then filed an Amended Complaint on July 1, 2019. (D.E. # 5.) Federal Rule of Civil Procedure 15(a) provides that a party may amend as of right within twenty-one days of serving the complaint or if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a). Otherwise, a party may amend his or her complaint only with the consent of the opposing party of the court's leave. *Id.* Plaintiff's Amended Complaint was filed beyond the twenty-one-day limit and Plaintiff never moved to amend her Complaint. Plaintiff, however, is proceeding *pro se* and her Complaint must first be screened pursuant to Local Rule 4.1(a) before service of her Complaint may even occur. As such, this Court will consider Plaintiff's Amended Complaint as the operative complaint. Furthermore, there is very little substantive difference between the two pleadings.

2019, (D.E. # 9).  This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05.[2]  For the reason set forth herein, it is RECOMMENDED that Plaintiff's Complaint, as amended, be DISMISSED pursuant to 28 U.S.C. § 1915 ("Section 1915") for failure to state a claim upon which relief may be granted.

## I.     Introduction

Plaintiff's Amended Complaint arises out of a series of events which occurred near the Hickory Hills Police Station at 3840 Ridgway Road, Memphis, Tennessee 38115.  According to Plaintiff, she was falsely arrested by several officers of the Memphis Police Department.  Plaintiff states that on or around March 22, 2019 she went into the Hickory Hills Police Station to get information on a rape report that she had filed earlier in October 2018.  Plaintiff spoke to a desk clerk, who had previously given her the wrong number to call to inquire about her case, asking for the correct phone number.  Once given the number, the Plaintiff allegedly walked out of the police station and got into her vehicle.

Plaintiff alleges that she drove fifty feet away from the police station and was then stopped by seven officers.  Plaintiff was removed from her car, placed in handcuffs, and put into a police car.  According to Plaintiff, Plaintiff was then shown an officer and asked whether she recognized him.  Plaintiff stated no.  Plaintiff asked the officers whether she was being arrested, and according to her, they responded yes.  Plaintiff alleges that one of the officers then "decided that she was

---

[2]  The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrate Act, 28 U.S.C. §§ 631-639.  All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

going to commit the Plaintiff" to the psychiatric hospital. Plaintiff was then driven to a mental hospital and check in. Plaintiff states that she was later told by a hospital employee that the reason she had been committed was because the police officers reported that Plaintiff had come into the Hickory Hills Station three or four times a week "talking about the Devil." Plaintiff alleges that she was falsely arrested, imprisoned, and defamed.

As relief, Plaintiff seeks a declaration that the Defendants, the Memphis Police Department and the officers involved, violated her civil rights; compensatory damages in the amount of $130,000; treble damages, pre-judgment and post-judgment interest, attorney fees, costs of this action, and "all such further relief as this court deems necessary."

## II. Analysis

Plaintiff alleges violations of her civil rights pursuant to Section 1983. Pursuant to Section 1915, in proceedings *in forma pauperis*, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however, inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 93, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in *pro*

*se* cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A *pro se* complaint must still "contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and emphasis omitted)). District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create a *pro se* litigant's claim for him." *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003).

Generally, to successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 585, 590 (6th Cir. 2003). First, Plaintiff does not specify which right secured by the Constitution or laws of the United States she was deprived of. This Court, however, will interpret Plaintiff's Amended Complaint as alleging violations of her Fourth Amendment rights. Even so, Plaintiff fails to a state a claim under Section 1983.

Plaintiff has sued the Memphis Police Department and the "officers involved." As to any claims against the officers, which are not named in the original Complaint or the Amended Complaint, service of process cannot be made on an unknown officer or a fictitious party, and therefore, it is RECOMMENDED that any claims, whether federal or state, against the "officers involved" be dismissed for failure to state a claim. *See generally*, *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023 (6th Cir. 1969).

As to the Memphis Police Department, police departments are properly characterized as "sub-units of the municipalities they serve." *Sargent v. City of Toledo Police Dep't*, 150 F. App'x 470, 475 (6th Cir. 2005). As such, police departments are not proper defendants in a Section 1983

4

action. *See Mathews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Accordingly, it is RECOMMENDED that Plaintiff's claims against the Memphis Police Department be dismissed for failure to state a claim. Claims against a police department, however, can generally be construed as claims against the municipality of which it is a sub-unit. Accordingly, Plaintiff's claims are properly construed as claims against the City of Memphis.

The Supreme Court in *Monell v. New York Social Service*, 436 U.S. 658 (1978), outlined the standard for municipal liability under Section 1983. Pursuant to *Monell*, liability must be based on the existence of some policy, procedure, or custom which results in constitutional harm to the plaintiff and may not be predicated solely on the basis of respondeat superior theory. *Monell*, 436 U.S. at 690-91. Furthermore, a municipality is only liable under Section 1983 if an "officially executed policy, or the toleration of a custom within [it] leads to, causes, or results in the deprivation of a constitutionally protected right." *Doe v. Claiborne Cty. Tenn. By & Through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 690-91). Additionally, the policy must be connected to the municipality in such a way as to show that the injury was caused by the execution of that policy. *See Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Plaintiff makes no allegations whatsoever that the City of Memphis has a policy, procedure, or custom of violating federally protected rights. Accordingly, even had Plaintiff properly named the City of Memphis as the defendant, it is RECOMMENDED that Plaintiff's federal Section 1983 claims be dismissed for failure to state a claim.

Additionally, Plaintiff's Amended Complaint may be liberally construed as alleging state law claims of false imprisonment, false arrest, and defamation.[3] First, Plaintiff's Amended

---

[3] Although Plaintiff states there is no diversity in her Amended Complaint, diversity of citizenship is determined at the time of Plaintiff filing her Complaint. *See, e.g.*, *Napletana v. Hillsdale Coll.*,

Complaint fails to sufficiently plead facts for this Court to infer the essential elements of any of her state law claims. Alternatively, governmental entities and governmental employees are immune from suits based on state law claims except as provided by the Tennessee Governmental Tort Liability Act ("TGTLA"). *See Hugueley v. Dresden Police Dep't*, 2006 WL 8434824, at *3 (W.D. Tenn. Sept. 25, 2006). Per the TGTLA, "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary." Tenn. Code Ann. § 29-20-201(a). The TGTLA, however, provides an exception – allowing governmental entities to be sued for injuries "proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of . . . false arrest . . . or civil rights." Tenn. Code Ann. § 29-20-205(2). Accordingly, immunity for governmental entities remains for claims of false arrest or claims which arise out of alleged violation of civil rights.

"Civil rights" as used in the statute is interpreted as "including claims arising under the federal civil rights laws and the United States Constitution." *Woodby v. Bradley Cty., Tenn.*, 2008 WL 5245361, at *12 (E.D. Tenn. Dec. 16, 2008). As such, in cases where a plaintiff's state law claims "clearly arise out of and directly flow from the allegations that . . . police officers deprived [him or her] of [his or her] civil rights . . . [then the] alleged injuries arise out of 'civil rights' and the [governmental entity] is entitled to immunity from suit on [those] claims pursuant to the 'civil rights' exception" of the TGTLA." *Hale v. Randolph*, 2004 WL 1854179, at *17 (E.D. Tenn. Jan. 30, 2004); *see also Stewart v. City of Memphis*, 2017 WL 627467, at *8 (W.D. Tenn. Feb. 15,

---

385 F.2d 871, 872 (6th Cir. 1967). At the time of the Complaint, Plaintiff's domicile was in Illinois. Accordingly, this Court may properly exercise jurisdiction over any potential state law claims even though it recommends dismissal of all Plaintiff's federal claims.

6

2017) (explaining that in *Johnson v. City of Memphis*, 617 F.3d 864, 872 (6th Cir. 2010), the Sixth Circuit determined that where state claims arose out of the same circumstances giving rise to a plaintiff's Section 1983 civil rights claim, the 'civil rights' exception applies). To the extent that Plaintiff's Amended Complaint may be interpreted as stating state law claims for defamation, false arrest, and false imprisonment, it is clear that those claims arose out of the same circumstances which gave rise to Plaintiff's Section 1983 claim. As such, is it RECOMMENDED that Plaintiff's state law claims also be dismissed for failure to state a claim upon which relief may be granted.

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint, as amended, be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.SC. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an

7

appeal would not be taken in good faith.  It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

    **SIGNED** this 19th day of June 2020.

                                     s/ Charmiane G. Claxton
                                     CHARMIANE G. CLAXTON
                                     UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**